## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

PAULA SHERIDAN,          )
                               )
      Plaintiff,        )
                               )
v.                         )      Case No. 23-cv-00444-SH
                               )
UNIFI AVIATION, LLC,      )
                               )
      Defendant.      )

## OPINION AND ORDER

Defendant's motion asks the Court to find—based on the pleadings—that Plaintiff failed to exhaust her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In her complaint, Plaintiff pleads that she timely filed charges of discrimination with the EEOC. Defendant, however, argues that no charge could have been filed because it was not included in the EEOC's response to a FOIA request "related to Plaintiff's case." The Court finds Plaintiff has adequately pled that she filed a charge, and the documents submitted by Defendant do not show otherwise. Defendant's motion will be denied.

### Background – the Complaint

The Court derives the following factual allegations from Plaintiff's complaint (ECF No. 2):

Plaintiff Paula Sheridan ("Sheridan") began working for Defendant Unifi Aviation, LLC ("Unifi") in July 2016 as a Passenger Service Agent. (*Id.* ¶ 10.) In October 2021, she was promoted to Red Coat Agent, "a mini-supervisor" responsible for certain passengers, customer resolutions, and cargo. (*Id.* ¶¶ 12-13.) After receiving a written disciplinary report in April 2021 for an unrelated matter, Sheridan was involved in several conflicts

with fellow employees in December 2021 and January 2022. (*Id.* ¶¶ 15-55.) Unifi suspended Sheridan on January 19, 2022, due to "an allegation that [she] had inappropriately placed her hands on [an employee] during" her most recent encounter. (*Id.* ¶ 56.) Unifi then terminated her for insubordination. (*Id.* ¶ 57.) Sheridan alleges she was discriminated against because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") (*id.* ¶¶ 62-67) and because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") (*id.* ¶¶ 68-73). Sheridan alleges she exhausted her administrative remedies "by timely filing Charges of Discrimination with the" EEOC and alleges that the "EEOC issued a Dismissal and Notice of Rights to [her] on July 18, 2023 (Charge No: 564-2022-01448)." (*Id.* ¶¶ 7-8.)

## Background – the FOIA Response

Along with its motion, Defendant submits three exhibits it describes as the "Administrative Record," but which appear to be the EEOC's response to a Freedom of Information Act ("FOIA") request from Defendant's counsel. (ECF No. 21 at 2.[1]) Defendant provides no information regarding the content of its FOIA request or what the EEOC agreed to provide in response to that request, other than the documents themselves. Defendant asks the Court to consider these documents without converting the motion into one for summary judgment. The Court discusses that request below. If considered, the documents would appear to show as follows:

In April 2022, Plaintiff filed an intake questionnaire with the EEOC and checked a box indicating she wished to file a charge of discrimination. (ECF No. 21-2 at 4, 10.) The

---

[1] Citations refer to the page number in the court-provided header unless otherwise indicated.

intake questionnaire was signed, but not under penalty of perjury.  (*Id.* at 10.)  Attached to the questionnaire was an unsigned statement outlining the facts of Plaintiff's alleged discriminatory treatment.  (*Id.* at 12-14.)  After receiving this form, the EEOC issued a Notice of New Inquiry Submission to Plaintiff on June 8, 2022.  (ECF No. 21-1 at 67.)  The notice cautioned that "submitting an inquiry is NOT the same as filing an official Charge of Discrimination."  (*Id.*)  It further clarified that a charge must be filed before Plaintiff could file a lawsuit and that "[t]o complete the inquiry process, you must schedule an appointment for an interview with an EEOC staff member to discuss your claim . . . ."  (*Id.*)

On July 6, 2022, at 10:46 a.m., Anthony Wiechec[2] "Prepared [a] Charge of Discrimination for review & signature."  (*Id.* at 83.)  As indicated by the EEOC activity log, the case status then "changed from Inquiry Submitted to Charge Prepared."  (*Id.*)  The log notes that "[a] charge is formalized" and the "[c]ase status changed from Charge Prepared to Charge filed."  (*Id.*)  The log then shows:

| 7/6/2022 10:46 | Uploaded Document.  Type: Charge of Discrimination & FileName:564-2022-01448-F5-Sheridan.pdf.[3] | ANTHONY WIECHEC |
|---|---|---|

(*Id.*)  A copy of this document does not appear to be included in the EEOC's FOIA response.  (*See generally* ECF Nos. 21-1, 21-2, 21-3.)

The next day, on July 7, 2022, the EEOC notified Unifi "that a charge of employment discrimination has been filed with the EEOC"; requested it provide a

---

[2] Wiechec is an EEOC representative and Federal Investigator.  (*See* ECF No. 21-1 at 2.)

[3] Defendant argues that the log shows a charge was uploaded then immediately deleted.  (ECF No. 25 at 4.)  But those entries refer to a document with a different file name, "564-2022-01448_ChargeOfDiscrimination-Draft.pdf."  (ECF No. 21-1 at 83.)

position statement; and stated, "[t]his is your opportunity to raise any and all defenses, legal and factual, in response to each of the allegations of the charge."  (ECF No. 21-1 at 54, 56.)  The notice further stated that "[t]he charge is available for you to download from the EEOC Respondent Portal" and provided a link to a website, a charge number, and a password to access the charge.  (*Id.* at 54.)  The log has the following entries showing notice of the "perfected" charge and that Unifi downloaded the charge:

| 7/7/2022 9:56 | Generated Document.  Type: Notice of Charge & FileName:564-2022-01448_NoticeOfChargeOfDiscrimination.pdf | DONNA NOEL |
|---|---|---|
| 7/7/2022 9:56 | Uploaded Document.  Type: Notice of Charge & FileName:564-2022-01448_NoticeOfChargeOfDiscrimination.pdf | DONNA NOEL |
| 7/7/2022 9:56 | Emailed Charlotte Redo at charlotte.redo@unifiservice.com that charge has been perfected | DONNA NOEL |
| . . . | | |
| 7/7/2022 15:59 | Respondent password changed | Respondentportal User |
| 7/7/2022 15:59 | Respondent logged in | Respondentportal User |
| . . . | | |
| 7/7/2022 16:02 | Downloaded Document.  Type: Notice of Charge & FileName:564-2022-01448_NoticeOfChargeOfDiscrimination.pdf | Respondentportal User |
| . . . | | |
| 7/7/2022 16:03 | Downloaded Document.  Type: Charge of Discrimination & FileName:564-2022-01448-F5-Sheridan.pdf | Respondentportal User |

(*Id.* at 82-83.[4])  The log shows Unifi again downloaded the "Charge of Discrimination" on

---

[4] The log is arranged from most-recent to least-recent.  The order is reversed in the example above for clarity.

January 25, 2023.  (*Id.* at 82.)

On February 13, 2023, Unifi submitted its "position statement" to the EEOC.  (*Id.* at 8-34.)  "This letter and accompanying documents set forth the position statement of Unifi Aviation, LLC . . . regarding the above-referenced charge of race and age discrimination by Paula Sheridan."  (*Id.* at 8.)  Sheridan responded to Unifi's position statement on April 6, 2023.  (*Id.* at 35-38.)

Defendant's documents confirm that, on July 18, 2023, the EEOC issued Sheridan a Dismissal and Notice of Rights letter, informing her that the "EEOC is terminating its processing of this charge" and that she could file a lawsuit within 90 days of receipt.  (*Id.* at 2.)

Plaintiff filed this lawsuit on October 13, 2023.  (ECF No. 2.)

**Defendant's Motion**

Defendant moves the Court to resolve this matter on the pleadings, arguing judgment should be granted in its favor because Plaintiff failed to file a verified charge. (ECF No. 21.)  Defendant acknowledges Plaintiff's allegation that she filed a charge and exhausted her administrative remedies but notes the complaint does not attach the charge or the right-to-sue-letter.  (*Id.* at 2.)  Because the EEOC's FOIA response does not contain a copy of a formal "charge," Defendant argues, this "shows Plaintiff never filed a charge of discrimination with the EEOC."  (*Id.*)  Defendant also highlights that Plaintiff did not "submit any *verified* filing, signed under oath or under penalty of perjury," which it argues is a "well-established" condition precedent "to filing a Title VII and ADEA suit in the Tenth Circuit . . . ."  (*Id.* at 2-3.)  Defendant maintains the Court should dismiss the matter with prejudice as further amendment would be futile.  (*Id.* at 12-13.)

In response, Plaintiff agrees with most of the law cited in Defendant's brief but argues she "did file a charge of discrimination."[5]  (ECF No. 24 at 7.)  Plaintiff does not dispute Defendant's contention that a verified charge is required for her to exhaust her administrative remedies under both Title VII and the ADEA, but she argues "the Activity Log . . . clearly demonstrates one was received . . . ."  (*Id.*)  Plaintiff also argues Defendant waived the defense of verification by not raising it at the administrative stage.  (*Id.* at 7-10.)  Because the Court finds Plaintiff adequately pled the filing of a charge, it does not reach the waiver argument.

## Analysis

### I.    Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "Rule 12(c) motions are evaluated under the same standard that governs Rule 12(b)(6) motions to dismiss."  *Progressive N. Ins. Co. v. Escoto*, No. 19-CV-00269-JFH-JFJ, 2020 WL 5821965, at *2 (N.D. Okla. Sept. 30, 2020); *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (reviewing grant of 12(c) motion under same standard as 12(b)(6) motion).

---

[5] A large portion of Plaintiff's response appears to be copied and pasted from Defendant's motion.  (*Compare* ECF No. 21 at 1-8 *with* ECF No. 24 at 1-7.)  This includes Plaintiff's word-for-word restatement of the introduction to section II of Defendant's brief—with Plaintiff simply reworking the header of that section to say, "Plaintiff exhausted her administrative remedies."  (*Compare* ECF No. 21 at 8 *with* ECF No. 24 at 6-7.)  In the process, Plaintiff includes Defendant's statement that "Plaintiff failed to file a charge of discrimination or any verified filing that satisfies administrative exhaustion."  (ECF No. 24 at 7.)  Given the argument appearing before and after this quotation, the Court does not accept—as Defendant suggests—that Plaintiff "concedes" this failure occurred.  (ECF No. 25 at 4.)  The Court, instead, treats this as a scrivener's error brought on by counsel's decision to cut-and-paste her opponent's brief.

As such, Plaintiff must "plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). The Court resolves all reasonable inferences in the plaintiff's favor. *Nobel v. Steadfast Ins. Co.*, 85 F.4th 1018, 1025 (10th Cir. 2023). "Judgment on the pleadings is appropriate only when 'the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (abrogated on other grounds)).

## II.   Consideration of the FOIA Response

Before evaluating Unifi's motion for judgment on the pleadings, the Court addresses whether it may consider Unifi's exhibits.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "a district court may consider facts subject to judicial notice such as matters of public record without converting a Rule 12(c) motion into a summary judgment motion." *Escoto*, 2020 WL 5821965, at *2; *see also* Fed. R. Evid. 201(b)(2) (a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Documents

attached to the pleadings may also be considered in reviewing Rule 12(c) motions. *Park Univ. Enters.*, 442 F.3d at 1244.

Similarly, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) ("If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied."); *see also Mobley v. Dillon Companies, Inc.*, 153 F.3d 727 (table), 1998 WL 314589 (10th Cir. May 29, 1998) (unpublished)[6] (finding court properly considered EEOC charges in ruling on 12(b)(6) motion). Courts have "broad discretion in determining whether or not to accept materials beyond the pleadings." *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998)

Here, both parties ask the Court to consider the exhibits attached to Defendant's motion. (*See* ECF No. 21 at 5-7; ECF No. 24 at 3 ("Plaintiff has no objection to this Court taking judicial notice of the" exhibits).) Neither party disputes their authenticity. Some of these documents are referenced in Plaintiff's complaint (*see, e.g.*, ECF No. 21-1 at 2 (notice of right to sue letter referred to in ECF No. 2 ¶ 8), and some EEOC documents are at least arguably central to Plaintiff's contention that she exhausted her administrative remedies (ECF No. 2 ¶ 7). However, the Court finds a final decision on whether to consider and rely on the exhibits is currently unnecessary, because Unifi's motion fails either way.

---

[6] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

## III.    Administrative Exhaustion

"Title VII of the Civil Rights Act of 1964 proscribes discrimination in employment on the basis of race, color, religion, sex, or national origin." *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019).  "The ADEA broadly prohibits arbitrary discrimination in the workplace based on age." *Lorillard v. Pons*, 434 U.S. 575, 577 (1978).  Parties suing under both Title VII and the ADEA are obligated to exhaust administrative remedies before bringing a case.   As the Supreme Court has noted, "[a]s a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the [EEOC]." *Fort Bend Cnty.*, 139 S. Ct. at 1846 (citing 42 U.S.C. § 2000e-5(e)(1), (f)(1)). "The ADEA's exhaustion requirement is somewhat less well-established," but the Tenth Circuit has found "it is nonetheless clear that such a requirement exists." *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (abrogated on other grounds).  As such, "prior to the initiation of an ADEA action, an individual must file a charge with the EEOC . . . ." *Id.* at 1308.

### A.    Difference in Title VII and ADEA Exhaustion Requirements

Generally, "the ADEA and Title VII have virtually identical requirements with respect to the filing of EEOC charges . . . ." *Id.* at 1317; *see also Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 n.1 (10th Cir. 2004) (because these requirements are so similar, Title VII cases are typically applicable in ADEA contexts).  The Supreme Court, however, has cautioned "that the EEOC enforcement mechanisms . . . for ADEA claims differ in some respects from those pertaining to other statutes the EEOC enforces, such as Title VII . . . ." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 393 (2008).  "While there may be areas of common definition, employees and their counsel must be careful not to apply rules applicable under one statute to a different statute without careful and critical

examination." *Id.* "This is so even if the EEOC forms and the same definition of charge apply in more than one type of discrimination case." *Id.*

One key difference between charges filed in Title VII and ADEA cases is the requirement of verification. "Unlike Title VII . . ., which requires a charge be 'in writing or under oath or affirmation,' the ADEA does not require a charge to be signed and verified." *Hampton v. Utah Transit Auth.*, No. 216CV01282JNPEJF, 2017 WL 3972488, at *3 (D. Utah Sept. 7, 2017) (citations omitted); *see also Diez v. Minn. Min. & Mfg. Co.*, 88 F.3d 672, 675 (8th Cir. 1996) (noting the same). A comparison of the relevant statutes and regulations bears out this difference. *Compare* 29 U.S.C. § 626(d) (ADEA) *with* 42 U.S.C. § 2000e-5(b) (Title VII); *compare also* 29 C.F.R. §§ 1626.6 ("A charge shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s)") (ADEA) *with* 29 C.F.R. § 1601.9 ("A charge shall be in writing and signed and shall be verified") (Title VII).

When considering what "is a charge as the ADEA uses the term," the Supreme Court indicated that in "addition to the information required by the regulations, *i.e.,* an allegation and the name of the charged party," a charge "must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Holowecki*, 552 U.S. at 395, 402. As in the statutes and regulations, absent from this definition is a requirement that the charge be verified.

The undersigned, therefore, disagrees with Defendant's contention that it "is well-established [that] verification is a condition precedent to filing a[n] . . . ADEA suit in the Tenth Circuit . . . ." (ECF No. 21 at 2-3 (internal quotations omitted); *see also id.* at 10 (claiming "verification is an absolute condition to suit under . . . the ADEA")).

Defendant's contention that Plaintiff failed to exhaust her administrative remedies by filing an *unverified* charge—as opposed to its claims that she failed to exhaust administrative remedies by failing to file *any* charge—is only applicable to Plaintiff's Title VII claims. As the Defendant's motion is not otherwise well taken, this distinction has little effect on the outcome.

### B. Title VII – Verification

Pursuant to Title VII, "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e-5(b). As noted above, "EEOC regulations interpreting the statute reiterate that a charge 'shall be in writing and signed and shall be verified.'" *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1036 (10th Cir. 2015) (quoting 29 C.F.R. § 1601.9). "[T]he regulations clarify that 'verified' means 'sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury.'" *Id.* (quoting 29 C.F.R. § 1601.3).

However, "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cnty.*, 139 S. Ct. at 1851. The issue of verification then may be subject to waiver, such as "[w]hen an employer files a response on the merits [without identifying a known verification defect] . . . ." *Gad*, 787 F.3d at 1039 (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 263 (3d Cir. 2006)).

### C. EEOC Charge-Filing Process

To file any charge, the EEOC "has set up a system by which a person will submit information to the agency, typically in the form of an intake questionnaire, and then the

EEOC will render assistance in the filing of the charge." *Jones v. Needham*, 856 F.3d 1284, 1289-90 (10th Cir. 2017) (citing 29 C.F.R. § 1601.6(a)); *see also Filing a Charge of Discrimination*, https://www.eeoc.gov/filing-charge-discrimination (last visited June 4, 2024) ("A Charge of Discrimination can be completed through our EEOC Public Portal after you submit an online inquiry and we interview you").

The charge typically appears on an agency Form 5. *See Holowecki*, 552 U.S. at 405 ("Unlike EEOC Form 5, the Intake Questionnaire is not labeled a 'Charge of Discrimination'"); *see also id.* at 415-16 (Thomas, J., dissenting) (quoting United States amicus brief for proposition that the EEOC's "preferred practice is indeed to receive a completed Form 5 whenever possible," but noting, "another writing could indicate a complainant's intent to commence the EEOC's enforcement processes.").

## IV.  Plaintiff Has Adequately Pled Administrative Exhaustion

Unifi is not currently entitled to a judgment that Sheridan's claims are barred by her failure to exhaust administrative remedies.

### A.  Based on the Pleadings Alone

"Because exhaustion is a condition precedent to suit, the court applies the pleading standard set forth in Fed. R. Civ. P. 9(c)." *Johnson v. Spirit Aerosys., Inc.*, No. 20-CV-00138-GKF-CDL, 2021 WL 6066701, at *5 (N.D. Okla. Mar. 26, 2021); *see also Gad*, 787 F.3d at 1041 ("verification [of a charge] is a condition precedent" to filing a Title VII suit); *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011) ("[c]ompliance with this administrative exhaustion requirement . . . is a condition precedent to bringing suit" in the ADEA context).  "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."  Fed. R. Civ. P.

9(c) ("But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.").

Plaintiff has alleged the fact that she filed a "charge"—not merely an "intake questionnaire"—with the EEOC and provided the charge number. (ECF No. 2 ¶¶ 7-8.) Plaintiff further generally alleged that she "exhausted [her] administrative remedies . . . ." (*Id.* ¶ 7.) Treating the factual allegations as true and resolving all inferences in favor of Plaintiff—particularly considering that the term "charge" specifically means a verified document in Title VII cases—the Court finds Plaintiff has adequately alleged exhaustion of administrative remedies for both her Title VII and ADEA claims.

### B. Considering the FOIA Response

The FOIA response changes nothing. Defendant asks the Court to assume that the absence of a copy of the charge in the FOIA response definitively shows that no such charge existed. Yet, Defendant offers no basis from which the Court could conclude that the FOIA response reflects the entirely of the EEOC's file.

In any event, the FOIA response supports an argument that a "charge" existed at some point, albeit without confirming the contents of that charge or otherwise determining whether the "intake questionnaire" was itself an adequate charge (particularly for ADEA purposes). As noted above, after Plaintiff filed the initial intake questionnaire—indicating she wished to file a more formal charge—notations in the activity log indicate a charge may have been prepared for signature; that a charge may have been "formalized," "filed," and "perfected"; and that a document referring to the charge number in Plaintiff's complaint and titled "F5-Sheridan" (possibly referring to the agency's Form 5 charging document) was uploaded to the EEOC's file. (ECF No. 21-1 at 82-83.) Whatever this "charge" was—whether it was simply the unsigned intake

questionnaire that Defendant relies on or some other, more formalized document—it was communicated to Defendant, who subsequently was given the opportunity to download it, and who, months later, responded to the allegations.[7] (*Id.* at 8, 54.)  As such, the Court cannot find that the "charge" referenced in the complaint is the intake questionnaire attached to Defendant's motion.[8]

## Conclusion

Because the Court finds Plaintiff has adequately alleged exhaustion of her administrative remedies, dismissal is not appropriate at this time.  The parties' arguments are more properly suited for resolution at summary judgment.

IT IS THEREFORE ORDERED that *Defendant Unifi Aviation, LLC's Motion for Judgment on the Pleadings* (ECF No. 21) is DENIED.

ORDERED this 6th day of June, 2024.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[7] Unlike some other cases dealing with similar arguments, the EEOC did not indicate that the charge here was "unperfected" when it notified Defendant that a charge had been filed. *See, e.g.*, *Gad*, 787 F.3d at 1034 (the EEOC investigator mailed a notice to defendant that Gad filed an "unperfected" charge of discrimination and that no action was required by defendant at that time); *Barley v. Wal-Mart Assocs., Inc.*, No. 07-CV-0240-CVE-PJC, 2007 WL 2900538, at *2 (N.D. Okla. Oct. 3, 2007) (EEOC sent notice identifying charge number and stating an "unperfected charge" had been received).

[8] Defendant does not affirmatively represent that the document Unifi responded to was the unsigned intake questionnaire instead of a verified charge.  In briefing, Plaintiff appears to endorse the allegation from her complaint that a charge was filed, but never says outright that the charge she submitted was, in fact, verified for Title VII purposes. This is somewhat understandable, given the restrictions on what the Court can consider at the pleading stage.  However, all counsel are reminded of their obligations under Fed. R. Civ. P. 11, which include requiring that, to the best of the attorney's knowledge, all factual contentions or denials in their submissions are supported by the evidence.